DISTRICT OF OREGON
**F I L E D**
August 16, 2011
**Clerk, U.S. Bankruptcy Court**

Below is an Opinion of the Court.

*/s/ Randall L. Dunn*
RANDALL L. DUNN
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case<br>) No. 10-35332-rld11 |
| BRADLEY RAY WARKENTIN, | )<br>) MEMORANDUM OPINION |
| Debtor. | ) |

On July 5, 2011, I held a hearing ("Hearing") on the debtor Bradley Ray Warkentin's ("Mr. Warkentin") objection to Claim No. 10 (amended) ("Objection") of One West Bank, FSB ("One West"). Following argument from counsel for the parties, I took the matter under advisement.

Since the Hearing, I have reviewed the Objection and the Response to Objection to Claim ("Response") filed by One West, as well as applicable legal authorities. I also have taken judicial notice of the docket and documents filed in Mr. Warkentin's chapter 11[1] case, case number 10-35332-rld11, for purposes of confirming and ascertaining facts

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Page 1 - MEMORANDUM OPINION

not reasonably in dispute. See Federal Rule of Evidence 201; In re Butts, 350 B.R. 12, 14 n.1 (Bankr. E.D. PA 2006).

This Memorandum Opinion sets forth my fact findings and conclusions of law in light of the evidentiary record before me pursuant to Fed. R. Civ. P. 52(a), applicable with respect to this contested matter pursuant to Rules 7052 and 9014.

## Factual Background

The facts relevant to this matter are not in dispute. On or about August 8, 2006, Mr. Warkentin executed and delivered a Promissory Note ("Note") in favor of American Mortgage Network, Inc., dba American Mortgage Network of Oregon ("American Mortgage") in the principal amount of $224,000. Payment of the Note was secured by a deed of trust on certain real property (the "Property") located in Bend, Oregon. One West is the successor in interest to American Mortgage.

Mr. Warkentin filed his chapter 11 petition on June 7, 2010. See Docket No. 1. In his Schedules A and D, Mr. Warkentin valued the Property at $90,000. He included One West as a secured creditor in Schedule D, with a security interest in the Property valued at $90,000 and an unsecured claim for $134,000. On June 14, 2010, Mr. Warkentin filed and served on One West a motion to value the Property ("Valuation Motion") at $90,000. See Docket No. 18. One West did not file a response to the Motion, and on July 7, 2010, an order was entered granting the Valuation Motion. See Docket No. 31.

On September 24, 2010, One West filed a proof of claim, claiming a secured claim with respect to the Property ("Claim") in the

Page 2 - MEMORANDUM OPINION

total amount of $227,824.63, calculated as of the petition date. See Claim 10-1.

On November 16, 2010, Mr. Warkentin filed his initial draft Plan of Reorganization ("Initial Plan"). See Docket No. 84. In the Initial Plan, Mr. Warkentin included One West in two classes: Class 13 to be treated as secured to the extent of $90,000 and to receive payments of $483.14 a month, at 5% interest amortized over 30 years; and Class 14 to be treated as unsecured to the extent of $137,825 and to receive 60 equal payments of $223.00, without interest, in full satisfaction of One West's unsecured claim.

On January 5, 2011, One West filed an election to have its Claim treated as fully secured, pursuant to § 1111(b)(2) and Rule 3014. See Docket No. 94.

On January 28, 2011, Mr. Warkentin filed his Second Amended Plan of Reorganization ("Second Plan"). See Docket No. 107. In the Second Plan, One West was classified in a single class, with its Claim to bear interest at the rate of 5% per annum and to be paid in monthly payments of $483.14 for 360 months, with a further balloon payment of $53,894.23 to be paid in the 361st month. One West objected to confirmation of the Second Plan, arguing 1) that it was not feasible; 2) that it was not "fair and equitable" for purposes of § 1129(b); 3) that it did not provide for payment of property taxes and insurance with respect to the Property; and 4) that the proposed 5% interest rate was too low, among other things. See Docket No. 126. One West's objection to confirmation of the Second Plan was filed after the deadline for filing objections to the Second Plan and the related disclosure statement

Page 3 - MEMORANDUM OPINION

set in the scheduling order for the confirmation hearing ("Confirmation Hearing"). See Docket No. 99.

The Confirmation Hearing was held on March 21, 2011. At the Confirmation Hearing, after hearing testimony and argument, I struck the late filed objection of One West and confirmed the Second Plan, with modifications as ordered at the Confirmation Hearing. See Docket No. 130. An order granting Mr. Warkentin's motion to strike the late filed objection of One West was entered on March 29, 2011. See Docket No. 131.

An Order Confirming Plan ("Confirmation Order"), prepared by counsel for Mr. Warkentin, was entered on March 31, 2011. See Docket No. 132. In the Confirmation Order, I allowed One West's claim "as a secured claim in the full amount of Proof of Claim No. 10, i.e. $227,824.63." In addition, the monthly payment amount to One West was increased to $554.15, with the balance owing on the claim to be "paid not later than 361 months after the Effective Date of the Plan."

On April 22, 2011, One West filed an amended proof of claim (see Claim 10-2), increasing its secured claim to $228,874.63 ("Amended Claim"). Although the Amended Claim is only $1,050 greater than the amount of One West's claim that I allowed in the Confirmation Order, One West represents that the Amended Claim "includes a total of $1,350.00 in post-petition attorney's fees and costs." Response, Docket No. 143, at p. 1.

On May 9, 2011, Mr. Warkentin filed the Objection, objecting to the Amended Claim because it included postpetition attorney's fees. See Docket No. 137. Mr. Warkentin argues that it is not appropriate for One West to claim postpetition attorney's fees because it is undersecured,

Page 4 - MEMORANDUM OPINION

citing § 506(b). Mr. Warkentin recognizes that One West elected to have its entire claim treated as secured pursuant to § 1111(b), but he essentially argues that is immaterial because the value of the Property is less than the claim amount. Mr. Warkentin did not object to the attorney's fee claim based on reasonableness.

One West filed its Response on June 10, 2011, arguing that its Amended Claim including postpetition attorney fees was appropriate, primarily relying on the Ninth Circuit's decision in <u>SNTL Corp. et al. v. Centre Ins. Co. (In re SNTL Corp.)</u>, 571 F.3d 826 (2009). <u>See</u> Docket No. 143. Mr. Warkentin elected not to file a reply memorandum.

### Jurisdiction

I have core jurisdiction to consider and decide the Objection under 28 U.S.C. §§ 1334 and 157(b)(2)(B).

### Discussion

The Objection raises issues as to the interaction of an esoteric provision of the Bankruptcy Code, § 1111(b)(2), and more familiar provisions. This is the first time that I have considered the impact of § 1111(b)(2) in this context, and I choose to write because I expect that it will be encountered more frequently in a continuing depressed real estate market.

Mr. Warkentin argues that his Objection to One West's Amended Claim should be sustained because it is inappropriate to allow a claim for postpetition attorney fees to an undersecured creditor, citing

Page 5 - MEMORANDUM OPINION

§ 506(b).[2] Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

Generally, postpetition attorney's fees and costs will not be allowed as part of a secured claim unless the claim is "oversecured," meaning that the value of collateral securing the claim exceeds the amount of the claim. See 4 Collier on Bankruptcy ¶ 506.04 (Alan N. Resnick and Henry J. Sommer, eds., 16th ed.) ("Collier on Bankruptcy").

The Ninth Circuit Bankruptcy Appellate Panel, affirmed by the Ninth Circuit, has concluded that § 506(b) "specifies what may be included in a secured claim" but is not dispositive as to whether a postpetition claim for attorney's fees and costs can be allowed as an unsecured claim. In re SNTL Corp., 571 F.3d at 842-43. See, e.g., Qmect, Inc. v. Burlingame Capital Partners II, L.P. (In re Qmect, Inc.), 368 B.R. 882, 885 (Bankr. N.D. CA 2007); In re Tricca, 196 B.R. 214, 219-20 (Bankr. D. MA 1996) ("[Section] 506(b) does not create additional exceptions to the allowance of claims; rather it only provides for the classification of allowed claims as secured or unsecured.").

---

[2] Under Oregon law, in a dispute between parties with respect to a contract that provides specifically that fees and costs incurred to enforce provisions of the contract will be awarded, the prevailing party is entitled to "reasonable" attorney's fees. See O.R.S. § 20.096(1). As noted above, Mr. Warkentin does not challenge the reasonableness of the fees and costs claimed by One West in its Amended Claim.

Page 6 - MEMORANDUM OPINION

Claim allowance is the province of § 502.  Section 502(a) provides that a claim is allowed unless a party in interest objects. Section 502(b) provides that if a claim objection is filed by a party in interest, the court, after notice and a hearing, will determine the amount of the claim and "shall allow such claim in such amount," subject to specified exceptions.[3]  None of the specified exceptions applies to

---

[3] The specific exceptions are as follows:
(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
(2) such claim is for unmatured interest;
(3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;
(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
(5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;
(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
    (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
        (i) the date of the filing of the petition; and
        (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
    (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;
(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—
    (A) the compensation provided by such contract, without acceleration, for one year following the earlier of—
        (i) the date of the filing of the petition; or
        (ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus
    (B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;
(continued...)

One West's $1,350 claim for postpetition attorney's fees and costs in this case.[4]

As the Ninth Circuit Bankruptcy Appellate Panel, again affirmed by the Ninth Circuit, determined in In re SNTL Corp., "we 'must find a basis in section 502 to disallow a claim, and absent such basis, we must

---

[3](...continued)
(8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or
(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

[4] The only exception that arguably might have some application is § 502(b)(9), which provides for disallowance of claims that are not timely filed. Although the Claim was filed timely, the Amended Claim was filed after the claims bar date of October 27, 2010. See Docket No. 7.
> Customarily, claimants have been allowed to amend or modify
> their claims to reflect increases or decreases in amount,
> additional theories supporting the basis of the claim or any
> other information relevant to the existence and amount of the
> claim. In fact, the official form includes a check-box
> indicating that a proof of claim may be amending an earlier
> claim.

4 Collier on Bankruptcy ¶ 502.03[10][d]. If the Amended Claim were, in effect, a "new" claim, increasing the Claim by a material amount, the analytical result might be different. See, e.g., In re CF & I Fabricators of Utah, Inc., 148 B.R. 332, 343 (Bankr. D. UT 1992). However, amending the Claim of $227,824.63 to add a claim for postpetition attorney's fees and costs that increases the Amended Claim amount by a total of $1,050.00 is not a material enough change to invoke the § 502(b)(9) exception.

Page 8 - MEMORANDUM OPINION

allow it.'" 571 F.3d at 838-39 (quoting Wells Fargo Fin. Acceptance v. Rodriquez (In re Rodriquez), 375 B.R. 535, 545 (9th Cir. BAP 2007). Since no such basis in terms of an exception to allowance of a claim under § 502(b) applies here, and Mr. Warkentin has not raised any issue as to the amount of One West's claim for postpetition attorney's fees and costs, I conclude that One West's claim for postpetition attorney's fees and costs in the amount of $1,350 should be allowed.[5] The question remains as to whether it should be allowed as unsecured, or as secured pursuant to § 1111(b)(2).

Section 1111(b)(2) provides that if treatment of a claim under said subsection is elected, "then notwithstanding section 506(a) of this title, such claim is a secured claim to the extent that such claim is allowed." By its terms, § 1111(b)(2) does not require that a claim be allowed as secured to benefit from the election. It clearly provides that the claim simply be "allowed." The result seems incongruous, but the statutory language unequivocally states that if I allow a claim, and

---

[5] At the Hearing, counsel for Mr. Warkentin did argue that the terms of the confirmed plan might support the Objection. As noted above, the Confirmation Order included a provision allowing One West's claim "as a secured claim in the full amount of Proof of Claim No. 10, i.e. $227,824.63." However, Mr. Warkenton did not file an objection to One West's Claim in advance of the Confirmation Hearing, and the amount of One West's claim was not contested at the Confirmation Hearing. In these circumstances, although it is interesting that counsel for Mr. Warkentin included a provision as to allowance of One West's secured claim in the Confirmation Order, it is not "law of the case" to preclude the filing and ultimate allowance of the Amended Claim. See Federal Deposit Ins. Corp. v. Kipperman (In re Commercial Money Center, Inc.), 392 B.R. 814, 832 (9th Cir. BAP 2008) ("For the law of the case doctrine to apply, the issue must have been decided, either expressly or by necessary implication." (Emphasis added)).

Page 9 - MEMORANDUM OPINION

an 1111(b) election appropriately is made, the claim is a secured claim.

## CONCLUSION

I have determined that One West's claim for postpetition attorney's fees and costs is allowed in the amount claimed. Accordingly, under the express terms of § 1111(b)(2), I will overrule the Objection and allow the full amount of the Amended Claim as secured. I will enter an order consistent with this Memorandum Opinion contemporaneously.

# # #

cc:     Bradley Ray Warkentin
        Anthony V. Albertazzi
        Jennifer L. Aspaas